■ GARY S. LIVACK et al., Appellants, v CENTRAL GENERAL HOSPITAL et al., Respondents. [664 NYS2d 935] —In an action, inter alia, for a judicial determination of the value of certain minority partnership and stockholder interests, the plaintiffs appeal from (1) an order and judgment (one paper) of the Supreme Court, Nassau County (Molloy, J.), dated December 28, 1995, which, after a nonjury trial on the issue of liability, dismissed the first four causes of action of the complaint and granted judgment in favor of the defendants on their counterclaims for a judgment declaring that the plaintiffs must redeem their partnership and stock interests for the redemption values fixed by resolutions of the partnership and corporation passed in 1982 and 1983, and (2) an order of the same court (Lally, J.), dated April 16, 1996, which denied the plaintiffs' application to resettle the judgment to specify the amounts payable to each plaintiff.

Ordered that the appeal from the order dated April 16, 1996, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order and judgment dated December 28, 1995, is modified by adding a provision thereto awarding the plaintiffs prejudgment interest at the statutory rate from the date of three months after the appointment of the legal representatives of the respective decedents to the date that the plaintiffs' respective shares in the subject entities were

redeemed; as so modified, the order and judgment is affirmed, without costs or disbursements.

At issue in this appeal is the valuation of the interests of three deceased physicians in the partnership and corporation that owned and operated Central General Hospital. Based on the testimony and evidence admitted at trial, we agree with the Supreme Court that the redemption ratios established at the 1982 and 1983 annual meetings of the partnership and corporation were valid and are controlling. The court properly concluded that by reason of the felony conviction of, and stipulations of withdrawal executed by, Dr. Anton Notey, his interests in Central General Hospital were ineligible for inclusion in any computation for quorum and voting purposes. Moreover, since the partnership and stockholder agreements, read together, expressly provided for alternative valuation methods, the methodology employed to determine the redemption ratios applicable to the plaintiffs' interests was proper.

We agree with the plaintiffs, however, that they are entitled to prejudgment interest (see, CPLR 5001 [a]).

The plaintiffs' remaining contentions are without merit. Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.